IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01399-GPG

JOHNNY RAY CHANDLER, SR.,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
MR. G. SANTINI, M.D.,

    Defendants.

## ORDER TO DISMISS IN PART AND TO AMEND IN PART

    Plaintiff, Johnny Ray Chandler, is in the custody of the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary, Florence ADX, in Florence, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

    On August 12, 2015, Magistrate Judge Gallagher determined that Plaintiff was subject to filing restrictions pursuant to 28 U.S.C. § 1915(g) and directed Plaintiff to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because Plaintiff failed to meet the requirements of § 1915(g).  (*See* ECF No. 8). On August 24, 2015, Plaintiff filed a Response (ECF No. 9).  Based on the Response, on September 23, 2015, Senior Judge Lewis T. Babcock granted in part and denied in part leave to proceed *in forma pauperis* pursuant to § 1915*.*  (*See* ECF No. 10). Specifically, Judge Babcock found that Plaintiff alleged sufficient facts to meet the imminent danger of serious physical injury exception as to claim one, and therefore,

granted leave to proceed *in forma pauperis* with respect to claim one.  (*Id.* at 3).  Judge Babcock further found that Plaintiff failed to state specific, credible allegations of imminent danger of serious physical harm with regard to claims two and three.  (*Id.*).  Therefore, because Plaintiff failed to assert that he is in imminent danger of serious physical injury, Judge Babcock denied leave to proceed *in forma pauperis* with respect to claims two and three.  (*Id.*).  Judge Babcock informed Plaintiff that he had thirty days from the date of the September 23 Order to pay the entire $400.00 filing fee to pursue claims two and three of the Complaint, and that if he failed to pay the $400.00 filing fee within the time allowed, claims two and three would be dismissed.  (*Id.* at 4).  Plaintiff has not submitted the required $400.00 filing fee.  Accordingly, claims two and three are dismissed for failure to pay the full filing fee.

The Court must construe claim one of the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons states below, Plaintiff will be ordered to file an amended Prisoner Complaint if he wishes to pursue his remaining claim in this action.

In claim one, Plaintiff asserts that Defendants have deprived him of adequate medical care by refusing to provide treatment by a neurologist and prescribe medication for a nerve injury to his hands that was caused by the use of ambulatory restraints.  (ECF No. 1 at 5).  The Court finds that Plaintiff's allegations are insufficient for several reasons.

First, in order to state an Eighth Amendment violation in the context of medical

treatment, an inmate must demonstrate two elements: (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 97 (1978). Moreover, the Tenth Circuit conclusively determined that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 206 Fed. Appx. 791, 793 (10th Cir. 2006).

Additionally, it is not clear against which Defendant or Defendants Plaintiff is asserting his remaining *Bivens* claim. *Bivens* actions may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity").

Plaintiff also fails to allege specific facts in support of his claim that demonstrate how each named Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control

or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to the extent Plaintiff is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Therefore, Plaintiff will be ordered to file an amended Prisoner Complaint that clarifies "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Johnny Ray Chandler, file an amended Prisoner Complaint as to claim one that complies with the directives of this Order within **thirty**

**days** from the date of this Order.  If Plaintiff fails to file an amended Prisoner Complaint as to claim one as directed within thirty days from the date of this order, claim one and the action may be dismissed without further notice.  It is

FURTHER ORDERED that the claims two and three are dismissed without prejudice for failure to pay the full $400.00 filing fee.

DATED at Denver, Colorado, this 28th day of October, 2015.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court