IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01399-GPG

JOHNNY RAY CHANDLER, SR.,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
MR. G. SANTINI, M.D.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Johnny Ray Chandler, Sr., is in the custody of the Federal Bureau of Prisons (BOP) currently incarcerated at United States Penitentiary, Florence ADX, in Florence, Colorado. Plaintiff initiated this action by filing, *pro se*, a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

    On August 12, 2015, Magistrate Judge Gordon P. Gallagher determined that Plaintiff was subject to filing restrictions pursuant to 28 U.S.C. § 1915(g) and directed Plaintiff to show cause why leave to proceed *in forma pauperis* pursuant to § 1915 should not be denied because Plaintiff failed to meet the requirements of § 1915(g). (*See* ECF No. 8). After reviewing Plaintiff's Response (ECF No. 9) to the Order to Show Cause, Senior Judge Lewis T. Babcock granted in part and denied in part leave to proceed *in forma pauperis* pursuant to § 1915. (*See* ECF No. 10). Specifically, Judge Babcock granted leave to proceed *in forma pauperis* with respect to claim one,

but denied leave to proceed *in forma pauperis* with respect to claims two and three. (*Id.*). After ordering Plaintiff to pay the entire $400.00 filing fee within thirty days to pursue claims two and three, these claims were dismissed on October 28, 2015 for failure to pay. (*See* ECF No. 11). In the October 28 Order, the Court further found that the allegations in claim one were deficient and ordered Plaintiff to file an amended prisoner complaint within thirty days if he wished to pursue his remaining claim in this action. Specifically, the Court found that Plaintiff did not state an arguable Eighth Amendment violation; it was unclear against which Defendant(s) Plaintiff was asserting his *Bivens* claim; and Plaintiff failed to allege the personal participation of each named Defendant in an alleged constitutional deprivation. (*See id.*). Plaintiff has not filed an amended complaint within the time allowed.

Plaintiff has been granted leave to proceed under the federal *in forma pauperis* statute, 28 U.S.C. § 1915, as to claim one in the original Complaint. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claim is frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the allegations of claim one in the original Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, claim one and this action will be dismissed.

In claim one, Plaintiff alleges that "[p]er the standards of corrects. The B.O.P. is suppost [sic] to provide treatment for all types of medical conditions. Or send the inmate to an outside hospital to receive the required treatment." (ECF No. 1 at 5.) In the background section, Plaintiff further asserts that "[t]his Complaint/Claim is against the F.B.O.P. for Negligence, in the performance of its duty. Plus cruel and unusual punishment, under the Eighth Amendment. Plus, Deliberate Indifference." (*Id.* at 3). Plaintiff further alleges in the background section that prison officials have denied his requests to be examined and treated by a neurologist and prescribed a certain medication for a nerve injury to his hands that was caused by the use of ambulatory restraints. (*Id.* at 3-5). As relief for claim one, Plaintiff seeks "$175,000.00 from the F.B.O.P. for cruel and unusual punishment, Plus Injunctive Relief: I be sent to be treated by a neurologist. Plus the nerve med. Gabapentin, 600 MG. ordered." (*Id.* at 9).

The Court finds that Plaintiff's allegations are insufficient for the reasons set forth in the October 28 Order. Specifically, it appears that claim one is being asserted against the BOP. Plaintiff was warned in the October 28 Order that a *Bivens* actions may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. See *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the

BOP."); *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity"). Thus, to the extent claim one is asserted against the BOP, the claim is denied.

Moreover, Plaintiff fails to allege specific facts in support of his claim that demonstrate how each named Defendant personally participated in the asserted constitutional violation. Plaintiff was warned in the October 28 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).

Finally, Plaintiff's allegations in claim one fail to state an arguable Eighth Amendment violation in the context of medical treatment. Plaintiff was advised in the October 28 Order that he must allege facts demonstrating that (1) he was suffering from a "serious medical need," and (2) prison officials were deliberately indifferent to the serious medical need. *Gamble v. Estelle*, 439 U.S. 97 (1978). Moreover, Plaintiff was warned that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 206 Fed. Appx. 791, 793 (10th Cir. 2006). Here,

Plaintiff's allegations of negligence are insufficient to demonstrate an arguable Eighth Amendment claim.

Accordingly, it is

ORDERED that claim one and this action are DISMISSED with prejudice pursuant to § 1915(e)(2)(B).

DATED December 8, 2015, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock                
LEWIS T. BABCOCK, Senior Judge
United States District Court